UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WITSOP-9, LLC ) | Chapter 11 |
| ) | Case No. 09-20024-FJB |
| Confirmed Debtor ) | |
| ) | |

**DEBTOR'S NOTICE OF (1) INTENDED PRIVATE SALE OF ASSETS FREE AND
CLEAR OF LIENS; (2) DEADLINE FOR SUBMITTING OBJECTIONS AND
<u>COUNTEROFFERS; AND (3) HEARING DATE</u>**

To Creditors and Parties in Interest:

  NOTICE IS HEREBY GIVEN, pursuant to 11 U.S.C. Sections 105, 363 and 365, Federal Rules of Bankruptcy Procedure 2002(a)(2) and 6004 and MLBR 2002-5 and 6004-1, that Witsop-9, LLC ("Debtor") has entered into an Agreement for Purchase and Sale of Assets (the "Proposed Agreement") and filed a Motion of Confirmed Debtor for Order Authorizing Sale of Real Estate by Private Sale, Free and Clear of Liens, Claims, Encumbrances and Interests and Approving Notice of Intended Sale Pursuant to Confirmed Plan of Reorganization Dated June 8, 2010 ("Sale Motion") with respect to Lot 1 of the Morse Farm Estates (the "Subject Assets") located at 7 Bard Rock Lane, Hanover, Massachusetts, "AS IS" and "WHERE IS" to Spectrum Contracting, Inc., or nominee ("Buyer"), for the sum of Two Hundred Thirty Eight Thousand Five Hundred Dollars and No/100 ($225,000.00) Dollars, payable to the Debtor.

  A copy of the related Purchase and Sale Agreement is attached to the Sale Motion and is available upon request from the undersigned.

  Through this notice, HIGHER AND BETTER OFFERS, to purchase the Subject Assets are hereby solicited. QUALIFIED COUNTEROFFERS shall be governed by the terms and conditions of the Bidding Procedures attached as <u>Exhibit A</u> to this notice (the "Bidding Procedure").

  Nothing in this Notice constitutes a waiver of the Debtor's right to review and challenge the extent, priority or validity of any lien, claim, interest or encumbrance.

1

OBJECTIONS to the allowance of the Debtor's Motion for authority to conduct the Intended Private Sale of Assets, and any higher COUNTEROFFERS must be filed in writing on or before **March 2, 2011, at 4:30 p.m.** (the "Objection Deadline") with the Clerk of the U.S. Bankruptcy Court, John W. McCormack Post Office & Federal Building, 5 Post Office Square, Boston, MA 02109. Copies of any such Objection or Counteroffer shall be served upon Counsel to the Debtor: John M. McAuliffe, Esq., McAuliffe & Associates, P.C., 430 Lexington Street, Newton, MA 02466; The Buyer: Jimmy Abboud, 16 Seaview Drive, Kingston, MA 02364; Counsel to Pilgrim Bank: Martha Awiszus, Esq. Winokur, Serkey and Rosenberg, P.C., 81 Samoset Street, Plymouth, MA 02360; and Counsel to the United States Trustee: Eric K. Bradford, Esq., United States Trustee, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Boston, MA 02109, so as to receive by the Objection Deadline.

Objections, if any, shall state specifically why the proposed intended private sale should not be authorized. Unless a timely Objection or Counteroffer is filed, the Bankruptcy Court may allow the Motion without a hearing and the intended private sale of assets shall proceed forthwith. Parties seeking information regarding the Assets should contact the Debtor's Counsel, as set forth below.

A HEARING on the Motion, if necessary, shall be held at **11:15 a.m on March 15, 2011** before the Honorable Frank J. Bailey, United States Bankruptcy Judge, John W. McCormack Post Office and Courthouse, 12th Floor, 5 Post Office Square, Boston, Massachusetts. The Debtor, the Buyer and any party having filed an Objection or Counteroffer are required to be present at the Hearing or they may waive their rights. At the Hearing, any Qualified Counterofferor and the original offerer will be afforded the opportunity to submit a new bid on terms to be established by the Debtor. The deposit required by the Bidding Procedure (the "Deposit") shall be forfeited in the event that the successful bidder fails to complete the purchase in accordance with the Purchase and Sale Agreement. In such event, the Debtor may sell the assets and consummate the transaction with the second highest bidder in accordance with such next highest bidder's bid without further Court Order. Any adjustments or alterations in terms or

conditions which are authorized by the Bankruptcy Court in connection with any such Hearing may take effect without further notice.

Any questions concerning the intended private sale shall be addressed to the undersigned, and not to the Bankruptcy Court.

          Respectfully submitted,
          Witsop-9, LLC
          By its Attorney,

          /s/ John M. McAuliffe
          John M. McAuliffe, Esq.
          McAuliffe & Associates, P.C.
          430 Lexington Street
          Newton, MA 02466
          (617) 558-6889
          BBO# 555109
          mcauliffeassociates@hotmail.com

Dated: January 31, 2011

## **BIDDING PROCEDURES**

The following procedures (the "Bidding Procedures") shall govern the sale of certain real property (the "Subject Assets") of Witsop-9, LLC (the "Debtor"). A complete description of the Subject Assets is contained in the Motion of Confirmed Debtor for Order Authorizing Sale of Real Estate by Private Sale, Free and Clear of Liens, Claims, Encumbrances and Interests and Approving Notice of Intended Sale Pursuant to Confirmed Plan of Reorganization Dated June 8, 2010 (the "Sale Motion"). Pursuant to the Sale Motion, the Debtor seeks to sell the Subject Assets to Spectrum Contracting, Inc., (the "Buyer") subject to higher and better offers in accordance with the procedures contained herein.

The Bidding Procedures for the sale of the Subject Assets are as follows:

1. <u>Qualified Bidders.</u> Under the bidding procedures, only Qualified Bidders (defined below) may submit bids for the assets of the Debtor. A potential Bidder who meets the foregoing requirements is a Qualified Bidder.

2. <u>Access to Diligence Materials.</u> Subject to the execution of a confidentiality agreement, if, in the Debtor's discretion such an agreement is appropriate, the Debtor shall afford any Qualified Bidder the opportunity to conduct a reasonable due diligence review. The Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline.

3. <u>Requirements of Bid.</u> (i) Any bid must state that the Bidder offers to purchase the Subject Assets under substantially the same terms and conditions as are set forth in the asset purchase agreement between the Debtor and the Buyer (the "Asset Purchase Agreement"); (ii) such bidder is prepared to enter into and consummate the transaction within the time frame substantially similar to the timetable for closing established in the Asset Purchase Agreement.

1

4. <u>Bid Deadline</u>. All bids must be submitted in writing and filed at the United States Bankruptcy Court for the District of Massachusetts, Eastern Division and received by Counsel to the Debtor, John M. McAuliffe, McAuliffe & Associates, P.C., 430 Lexington Street, Newton, MA 02466, on or before 4:30 p.m. Eastern Daylight Time on the Bid Deadline and served upon; Buyer: Patrick K. Faherty, Esq., Law Office of Gerard S. McAuliffe, 43 Quincy Avenue, Quincy, MA 02169; Counsel to Pilgrim Bank: Martha Awiszus, Esq. Winokur, Sorkey & Rosenberg, 81 Samoset Street, Plymouth, MA 02360; and Counsel to the United States Trustee: Eric K. Bradford, Esq., United States Trustee, John W. McCormack Federal Building, 5 Post Office Square, 10th Floor, Boston, MA 02109. The bid deadline is __3/2/11__ at __4:30 pm__ and the Sale Hearing (as defined herein) is scheduled for __3/15/11__, at __11:15 am__

5. <u>Minimum Overbid</u>. To the extent any party seeks to submit a bid on Lot 2 of the Debtor's Real Property, such bids must be in the following minimum amount: $250,000.00 which equals ten percent (10%) of the sale price.

6. Only Qualified Bids, as defined below, will be considered at the Sale Hearing. The offer of the Buyer shall be deemed a Qualified Bid.

7. For the purposes of these Bidding Procedures a "Qualified Bid" is a Bid that:

(i) Complies with Paragraph 2 through 6 above;

(ii) Expressly states that the offer of the party submitting the Bid is irrevocable until the earlier to occur of: (1) the sale closing, or (ii) thirty (30) days following the last date of the Sale Hearing;

(iii) Is a proposal that is not materially more burdensome or conditional than the terms of the Asset Purchase Agreement;

(iv) Is substantially on the same (except as to the purchase price) or better terms and conditions as those set forth in the Agreement; and

(vii) Is accompanied by a deposit (by means of a certified bank check from a U.S. bank or by wire transfer) equal to five percent (5%) of the purchase

2

price (minimum of $12,500.00) made out to "McAuliffe & Associates, Attorney for Witsop-9, LLC", to be held in escrow by Debtor's counsel. Debtor's counsel shall return the deposits of all other Bidders within five (5) business days after the Sale Hearing.

8.  If the Debtor does not receive any Qualified Bids, other than that submitted by the Buyer, the Debtor will report the same to the Bankruptcy Court and proceed to seek approval of the Asset Purchase Agreement.

9.  <u>Bid Subject to Approval by Court</u>. All Bids are subject to approval by the Court.

10. If the Debtor receives one or more Qualified Bids, additional rounds of bidding will be allowed in accordance with the foregoing procedures, provided that such additional competitive bidding shall be by sealed bids or such other method as determined by the Debtor. Any additional bidding shall take place before the Honorable Frank J. Bailey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Massachusetts (Eastern Division), John W. McCormack Federal Building, 12th Floor, 5 Post Office Square, Boston, MA 02109, at the time of the sale hearing on 3|15|11 at 11:15 a.m. (the "Sale Hearing"). Only Qualified Bidders who have timely submitted Qualified Bids and the Buyer will be entitled to participate in subsequent rounds of bidding at the Sale Hearing.

11. <u>Supplementation of Deposit by Successful Bidder</u>. A successful Qualified Bidder shall supplement its Deposit within one (1) business day so that, to the extent necessary, the Deposit is equal to ten percent (10%) of its Bid.

12. <u>Failure to Close; Forfeiture of Deposit and Subsequent Sale of Assets</u>. In the event the party who submits the highest and best Bid for the Subject Assets fails to close on the sale of such Subject Assets, the Deposit submitted by such party shall be

3

forfeited and the Debtor may sell the respective Subject Assets to the next highest Bidder without further order of this Court.

13.     <u>Closing</u>.  A successful Qualified Bidder is required to close within the times set forth herein even though the Court's order has not become a final order provided that no stay of such order has been entered prior to the required Closing date set forth herein.  If the Buyer has submitted the highest bid, the Buyer shall be required to close under the terms and conditions of the Asset Purchase Agreement.

14.     <u>Payment of Purchase Price</u>.  The balance of the purchase price shall be paid by the successful Qualified Bidder by wire transfer or other immediately available funds on the Closing date.

4

# CERTIFICATE OF NOTICE

```
District/off: 0101-1          User: rmb                 Page 1 of 1                   Date Rcvd: Feb 04, 2011
Case: 09-20024                Form ID: pdf012           Total Noticed: 1

The following entities were noticed by first class mail on Feb 06, 2011.
aty          +John M. McAuliffe,   McAuliffe & Associates, P.C.,    430 Lexington Street,
              Newton, MA 02466-1916
The following entities were noticed by electronic transmission.
NONE.                                                                                                TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 06, 2011**                            **Signature:** _Joseph Speetjens_